UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23899-KMM

JORGE ALBERTO BARBERENA LUNA
and MARIBEL BARBERENA,

      Plaintiffs,

v.

ATTORNEY GENERAL
OF THE UNITED STATES, *et al.*,

      Defendants.
_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Petition for Mootness (ECF No. 16), which represents that this action is moot. Plaintiffs did not file a response in opposition, and the time to do so has passed. The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. (ECF No. 6). Having reviewed the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 16) be **GRANTED**.

**I.    DISCUSSION**

"Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)).

1

"Mootness arises when an issue presented in a case is 'no longer live or the parties lack a legally cognizable interest in the outcome.'" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (cleaned up) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). As the Eleventh Circuit has explained, "a case must be dismissed as moot '[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief.'" *Id.* (alterations in original) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Plaintiffs seek an order commanding Defendants to adjudicate two pending applications filed by Plaintiff Jorge Alberto Barberena Luna filed with the United States Citizenship and Immigration Services ("USCIS") on July 3, 2019: (i) a Form I-601, Application for Waiver of Grounds of Inadmissibility, and (ii) a Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal.[1] According to the instant Motion and the materials attached thereto, Plaintiff Jorge Alberto Barberena Luna's two applications have now been adjudicated; Approval Notices for both applications indicate that the applications were adjudicated on March 8, 2023. (ECF No. 16-1). Plaintiffs have not responded to the Motion indicating otherwise, and therefore the Court agrees that this case is now moot.

## II.     RECOMMENDATIONS

Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss Petition for Mootness (ECF No. 16) be **GRANTED**.

The undersigned further **RECOMMENDS** that Plaintiffs' Amended Complaint for Writ of Mandamus (ECF No. 7) be **DISMISSED, without prejudice,** for lack of subject matter

---

[1] Plaintiff Jorge Alberto Barberena Luna commenced this action on November 30, 2022, by filing a Complaint for Writ of Mandamus in this Court. (ECF No. 1). Plaintiffs' Amended Complaint for Writ of Mandamus (ECF No. 7) was filed on January 6, 2023, adding Maribel Barberena as a co-plaintiff.

jurisdiction, because this case is now moot.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 10th day of April, 2023.

                                              LAUREN F. LOUIS
                                              UNITED STATES MAGISTRATE JUDGE

cc:      Honorable K. Michael Moore
          Counsel of record